# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BUILDING TRADES UNITED PENSION TRUST FUND and NACARCI FEASTER (in his capacity as Trustee),**

**PLUMBERS LOCAL 75 HEALTH FUND, PLUMBERS LOCAL 75 INDUSTRY DEVELOPMENT FUND, PLUMBERS LOCAL 75 APPRENTICESHIP TRAINING FUND, PLUMBERS LOCAL 75 MARKET RECOVERY FUND, PLUMBERS LOCAL 75 401(K) PLAN and STEVE BREITLOW (in his capacity as Trustee),**
               **Plaintiffs,**

    v.                                                  Case No. 10-C-0298

**LAGINA PLUMBING, INC. and JAMES J. LAGINA,**
               **Defendants.**

## DECISION AND ORDER

Plaintiffs, employee benefit plans and their trustees, bring this action against defendants Lagina Plumbing, Inc. and its owner and president, James J. Lagina, for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), the Mulit-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, and Wisconsin common law. The summonses returned executed by plaintiffs indicate that defendants were both served on April 9, 2010. As a result, defendants had until April 31 to file responsive pleadings. See Fed. R. Civ. P. 12(a)(1)(A)(i). To date, defendants have not filed any responsive pleading or otherwise appeared in this case. The clerk of court entered defendants' default on March 10.

Plaintiffs filed two motions for default judgment under Fed. R. Civ. P. 55(b)(2), to which defendants have not responded. Plaintiff Plumbers Local 75 401(K) Plan ("401(K) Plan") seeks $1,426 in unpaid contributions from Lagina. All plaintiffs seek $55,971.24 in unpaid contributions, liquidated damages, interest, attorney fees, and costs from Lagina Plumbing.

Because defendants are in default, all well-pleaded allegations of the complaint, except those relating to the amount of damages, will be taken as true. Black v. Lane, 22 F.3d 1395, 1399 (7th Cir.1994). No investigation is needed to determine the amount of damages if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc., 722 F.2d 1319, 1323 (7th Cir.1983).

According to the complaint, Lagina Plumbing is an employer and party in interest in an industry affecting commerce and the plaintiffs are employee benefit plans within the meaning of ERISA. Lagina is a fiduciary of the 401(K) Plan. Lagina Plumbing entered into collective bargaining agreements with Plumbers Local No. 75, in which it agreed to make timely payments to the employee benefit plans. Lagina Plumbing failed to perform these obligations. Lagina Plumbing also deducted 401(K) contributions from employee paychecks, but failed to submit them to the 401(K) Plan. Instead, Lagina exercised control or authority over management of 401(K) Plan assets by commingling them with Lagina Plumbing's assets and using them to pay Lagina Plumbing's creditors.

The allegations, accepted as true, establish that the plaintiff employee benefit plans are covered by ERISA, see 29 U.S.C. §§ 1101(a); 1003(a)(1), and that Ligina is a fiduciary of the 401(K) Plan and that Lagina Plumbing is a party in interest. 29 U.S.C. §§ 1002(14); 1002(21)(A). They also establish that Lagina Plumbing violated 29 U.S.C. § 1145 by failing

to make timely contributions as required by the terms of the collective bargaining agreements. Thus under 29 U.S.C. § 1132(g)(2), plaintiffs are entitled to unpaid contributions, interest, liquidated damages, and reasonable attorney fees and costs, which plaintiffs' affidavit establishes are $53,751.24.[1] The affidavit also establishes $1,860 in attorney fees and $360 in costs, both of which I find to be reasonable.

The allegations also establish that Lagina violated his fiduciary duties as set out by ERISA[2] by misappropriating 401(K) Plan assets and diverting them to pay Lagina Plumbing's creditors. Thus under 29 U.S.C. § 1109(a) the 401(K) Plan is entitled to the losses resulting from Lagina's breach of fiduciary duties, which plaintiffs' affidavit establishes are $1,426.

Therefore, for the reasons stated,

**IT IS ORDERED** that plaintiffs' motions for default judgment are **GRANTED**.

**IT IS FURTHER ORDERED** that judgment shall be entered for plaintiffs consistent with this order.

Dated at Milwaukee, Wisconsin, this 14 day of June, 2010.

/s_____
LYNN ADELMAN
District Judge

---

[1] The unpaid contributions, interest, and liquidated damages for each plaintiff are as follows: $27,233.61 for Building Trades United Pension Trust Fund, $22,388.80 for Plumbers Local 75 Industry Health Fund, $457.64 for Plumbers Local 75 Industry Development Fund, $1,830.53 for Plumbers Local 75 Apprenticeship Training Fund, $240.86 for Plumbers Local 75 Market Recovery Fund, and $1,599.80 for Plumbers Local 75 401(K) Plan.

[2] See e.g. 29 U.S.C. §§ 1104(a)(1)(A); 1106(a)(1)(D); 1106(b); and 1103(c)(1).